Darryl ALLEN;  Elizabeth Gottlieb;
and Marcie Henson

v.

ACCREDITED HOME LENDERS
d/b/a Home Funds Direct.

No. 3–06–0921.

United States District Court,
M.D. Tennessee,
Nashville Division.

April 23, 2007.

Charles G. Frohman, Donald H. Nichols, Paul J. Lukas, Sarah M. Fleegel, Nichols, Kaster & Anderson, PLLP, Minneapolis, MN, Stephen J. Zralek, Bone, McAllester & Norton, PLLC, Nashville, TN, for Marcie Henson.

Antonio D. Robinson, Lisa A. Schreter, Matthew G. Laflin, Littler, Mendelson, P.C., Atlanta, GA, W. Scott Sims, Walker, Tipps & Malone, Nashville, TN, for Accredited Home Lenders.

## ORDER

JULIET GRIFFIN, United States Magistrate Judge.

The plaintiffs' motion for admission pro hac vice for Matthew G. Laflin (Docket Entry No. 42) is GRANTED.

The plaintiffs' motion for permission to reply (Docket Entry No. 41) is GRANTED.

The Clerk is directed to file and docket the plaintiffs' reply (Docket Entry No. 41–2) submitted with the motion.

The plaintiffs' motion to compel (Docket Entry No. 33) is GRANTED to the extent set forth herein.

In their motion, the plaintiffs seek to compel the defendant to respond to interrogatories 2 and 4, which seek the identity, last known address and last known telephone number of all persons employed by the defendant as loan officers at its Brentwood, Tennessee branch office [1] during the period of time the plaintiffs worked as loan officers at that location, and the identity, last known address, last known telephone number, job title and dates of employment of all other persons who were employed by the defendant at the same branch office during the same time period.

The plaintiffs contend that the loan officers and other co-employees who worked with the plaintiffs are likely to have information about whether the plaintiffs worked overtime, whether they were paid for all of the overtime hours they worked, and the defendant's knowledge, policies and practices regarding the payment of overtime. The plaintiffs contend that the defendant's policies and procedures applied to all loan officers, that they all worked under the same compensation plan, and that they all used the same software application. Docket Entry No. 35, at 5.

The plaintiffs argue that their requests are narrowly tailored and responding to those requests would not be burdensome because the defendant employed only 8–10 employees at any one time at the Brentwood branch office, *see* Docket Entry No. 35–7, at 4; Exhibit F to Docket Entry No. 35, and, although the turnover rate for loan officers was over 100%, *see* Docket Entry No. 35–8, at 3; Exhibit G to Docket Entry No. 35, the time frame for the requested information spans less than two years. What is not as clear is whether the 8–10 employees included only loan officers or included other employees and what other employees, other than loan officers, loan processors, and a branch manager were employed in the Brentwood branch office. However, according to the

affidavit of plaintiff Henson, there were 5–7 loan officers and approximately two (2) loan processors employed at any one time. *See* Docket Entry No. 37. Those figures would suggest that it was unlikely the total number of employees at the Brentwood branch office at any one time exceeded ten (10).

The defendant opposes the plaintiffs' motion in large part because the defendant believes that the plaintiffs want to obtain the requested information to gather additional consents to proceed as plaintiffs in this FLSA action. The plaintiffs have not requested conditional class certification nor have they requested supervised class notice in this case. Having failed to succeed in their efforts to conditionally certify a national class in the Northern District of Georgia, *see Williams v. Accredited Homes Lenders,* No. 1–05–01681 (N.D.Ga., July 25, 2006); Docket Entry No. 40–2, the defendant accuses plaintiffs' counsel of attempting to use individual actions, filed in this and other districts, "to do what they could not do in the nationwide action—provide notice of the claims to potential clients." Docket Entry No. 40, at 2.

The defendant describes as speculative the plaintiffs' assertion that their co-workers will have any knowledge of when the plaintiffs worked overtime without pay and whether they were told not to record overtime hours. *Id.* at 4. The defendant points out that, if the plaintiffs cannot remember the names of their former co-workers, it is unrealistic to think that their former co-workers will remember the plaintiffs or whether they worked overtime. In addition, the defendant argues that the plaintiffs' requests are overboard and seek personal information. Finally, the defendant asserts that plaintiffs' counsel have "made no secret that they are seeking current and former Accredited employees as clients" as shown by plaintiffs' counsel's website where plaintiffs' counsel reports on the status of FLSA actions against the defendant and other defendants throughout the country and encourages

---

**1.** Although the defendant and the plaintiffs' interrogatories at issue refer to the branch office as the Nashville branch office, the complaint and case management order refer to the Brentwood office. Therefore, the Court assumes that the

office was the Brentwood branch office. This order shall apply to the branch office at which the plaintiffs worked, whether it was called the Nashville branch office or the Brentwood branch office.

those who believe they were denied overtime compensation to contact their law firm. The defendant thus concludes that the information sought by the plaintiffs is for the purpose of soliciting prospective clients in violation of Rule 7.3 of the Tennessee Rules of Professional Conduct. *Id.* at 7–8, and Exhibit 2 (Docket Entry No. 40–2).

■ The Court finds that the information sought by the plaintiffs is relevant to the plaintiffs' claims in this case under the standards of Rule 26(b)(1) of the Federal Rules of Civil Procedure. Although, like the defendant, the Court finds it at least peculiar that none of the plaintiffs remember any of their former co-workers, if in fact they so assert, the plaintiffs' lack of memory does not necessarily mean all of their former co-workers will share a similar lack of memory. It is reasonable to conclude that a co-employee may well know and could well remember how long or for what hours a fellow employee works, particularly in an office with ten or fewer employees. It is also reasonable that the co-employees may have relevant information about what the defendant knew about whether employees worked overtime without being paid. The parties have not provided the Court with information to discern whether there is a difference between the knowledge that former loan officers might have and the knowledge of other employees. However, from the information presented to the Court, it appears that a branch office is comprised of loan officers, loan processors, and a branch manager and no other employees.

■ The Court further finds that the plaintiffs' request is not overbroad. Had the defendant advised the Court that there were certain employees who would have no knowledge whatsoever of the work schedule of other employees or the defendant's own knowledge of policies, the Court would exclude any such category of employees. However, the Court has not been provided with such information and thus assumes that there are no other such employees. The time frame is necessarily narrow because of the time frame within which the plaintiffs were employed—from September 2003 to April 2005.

The defendant's suspicions that plaintiffs' counsel will solicit the former employees to be their clients and file consents in this case or file their own lawsuits are not sufficient to preclude the plaintiffs from otherwise relevant discovery. To ensure that plaintiffs' counsel does not engage in any improper solicitation, the defendant suggests that any conversations between plaintiffs' counsel and co-employees be in the presence of defense counsel. The Court finds that such a restriction is not necessary or appropriate in this case.

The Court agrees with the defendant that any privacy interests of the plaintiffs' former co-employees should be balanced against the plaintiffs' interests in discovery. The defendant cites *Cook v. Yellow Freight System,* 132 F.R.D. 548 (E.D.Cal.1990), for the proposition that discovery of non-party employees' addresses and telephone numbers should be restricted. In *Cook,* the plaintiffs requested the last known addresses and telephone numbers of female employees who had worked with the plaintiffs' supervisor whom they alleged had sexually harassed them. The Court found that the importance of such discovery outweighed any privacy interests and compelled the defendant to release the names and addresses of those employees, but required that the plaintiffs draft a letter, subject to the Court's approval, to be sent to the former employees, required the consent of the former employees before the plaintiffs could engage in further discovery, and limited any such discovery for the purpose of that lawsuit.

The privacy interests potentially implicated in *Cook* are far different than in this case. Employees who have been sexually harassed may want to keep the incidents forgotten or secret and any such sexual harassment may have implicated mental health issues that should be addressed with particular sensitivity. There are no such particularly sensitive issues implicated in this case.

The defendant shall provide to plaintiffs' counsel the names, last known telephone numbers, and last known addresses of the loan officers who were employed at the Brentwood branch office of the defendant

from September 2, 2003, through April 19, 2005,[2] and the names, last known addresses, last known telephone numbers, job titles and dates of employment of all other employees of the defendant at the Brentwood branch office during the same time period, except that the defendant shall not be required to provide the last known address or last known telephone number of any branch manager who worked in the Brentwood branch office.

Plaintiffs' counsel shall be mindful of their obligations under the Tennessee Rules of Professional Conduct, particularly Rule 7.3, and, when contact is made with plaintiffs' former coworkers, plaintiffs' counsel shall clearly disclose to the former employee (1) the identity of the plaintiffs in this case and the fact that they represent the plaintiffs; (2) the reason they want to talk to the former employee; and (3) that the former employee has the right to refuse to talk to plaintiffs' counsel.

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than ten (10) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. *See* Rule 9(a)(1) of the Local Rules for Magistrate Judge Proceedings.

It is so ORDERED.

---

**2.** This period of time is the time of the employment of plaintiff Allen. Neither of the other two plaintiffs worked prior to September 2, 2003, or after April 19, 2005. *See* Docket Entry Nos. 35–9 and 35–10; Exhibits H–I to Docket Entry No. 35; Docket Entry No. 37.